FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

07 MAR 29 PM 12: 40

U.S. DISTRICT COURT
N.D. OF ALABAMA

Inmate Identification Number: #193013

James M Stroud

(Enter above the full name(s) of the plaintiff(s) in this action)

vs. Jury trial demanded

Cheryl Price, Dewyne Estes, Deborah Toney, Fredrick Freeman, Kerry Crum, Travis Alloway, Errol Boglin, El Pettway, Jamie Thurman, are being sued in their individual capacity

(Enter above full name(s) of the defendant(s) in this action)

CV-07-CO-0568-W

It is your responsibility to notify the clerk in writing of any address change. Failure to notify the clerk may result in dismissal of your case without further notice.

I.  Previous lawsuits

   A.  Have you begun other lawsuits in state or federal court(s) dealing with the same facts involved in this action or otherwise relating to your imprisonment?
       Yes ( )          No ( ✓ )

   B.  If your answer to (A) is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuit(s) on another piece of paper, using the same outline.)

       1.  Parties to this previous lawsuit:

           Plaintiff(s):    N/A

           Defendant(s):   N/A

2. Court (if Federal Court, name the district; if State Court, name the county) N/A

3. Docket number N/A

4. Name of judge to whom case was assigned N/A

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) N/A

6. Approximate date of filing lawsuit N/A

7. Approximate date of disposition N/A

II. Place of present confinement Bibb County Correctional Facility

A. Is there a prisoner grievance procedure in this institution?
Yes ( )   No ( ✓ )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
Yes ( ✓ )   No ( )

C. If your answer is YES:

1. What steps did you take? Told the capt's, Sgt's, and wardens what was going on.

2. What was the result? Nothing, just being placed in lock up, Indefignatley

D. If your answer is NO, explain why not? N/A

2

III. Parties

In item (A) below, place your name(s) in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.

A. Name of plaintiff(s) James M. Stroud #193013

Address 565 Bibb Lane

Brent Al 35034

In item (B) below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item (C) for the names, positions, and places of employment of any additional defendants.

B. Defendant Cheryl Price,

is employed as Warden

at Bibb County Correctional Facility

C. Additional Defendants Dewyne Estes, Deborah Toney, Fredrick Freeman, Kerry Crum, Travis Allaway, Errol Boglin, Eli Pettway, Jamie Thurman, are being Sued in their individual capacity.

IV. Statement of Claim

State here, as briefly as possible, the FACTS of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets, if necessary.

See Attached

3

**V.   RELIEF**

State briefly **exactly** what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

_See Attached_

"I declare under penalty of perjury that the foregoing is true and correct.

Executed on _March, 28, 2007_.

_James M. Stroud  193013_
Signature(s)

Statement of Facts
Statement of Claim

ON or around Jan, 4 2007 the plaintiff witnessed a drug transaction between a Correctional officer, and two "inmates" Patrick Swain, Antonio Swain (both black inmates) This episode started the whole chain of events that took place hereafter. There was threats made on the plaintiffs' Life by both the inmates (both inmates are black)

1. ON Jan, 7 2007 at about 9:30am, plaintiff had a phone conversation with his mother (Bonnie Jennings) and told her of the events that have taken place, and about the threats that was made on the plaintiff's Life. Then the plaintiff's mother, then telephoned the defendant Deborah Toney, to inform her of the situation.

2. ON Jan, 7 2007 at 10:00am the defendant E.l. Pettway instructed the plaintiff, to report to defendant Deborah Toney's office.

3. ON Jan, 7 2007 at around 10:15am the defendant Travis Alloway intercepted the plaintiff outside the Administrative captains office, and took the plaintiff to the shift office where the plaintiff then tried to explain the situation to defendant Travis Alloway, stateing that he didn't want any trouble and that he is fixing to go up for parole. Then defendant Travis Alloway stated that he would hide the plaintiff in Lock-up from now on. Then the defendant Travis Alloway instructed the plaintiff to report to defendant Deborah Toney's office.

4. ON Jan 7 2007 at around 10:30am the plaintiff went into the Captains office to see the defendant Deborah Toney and tried to explain the situation, defendant Deborah Toney wouldn't let the plaintiff explain his situation, but instead defendant Deborah Toney stated she was tired of all these "white boys" smoking up all these peoples dope then coming to her and catching out, defendant Deborah Toney then told

The plaintiff that she was going to put the plaintiff into Lock-up with a rules violation disciplinary to follow, and that the plaintiff would remain in Lock-up until he went home, that she would make sure of it. Then defendant Deborah Toney then instructed defendant Travis Alloway to take the plaintiff to the Medical unit for a body chart in which the defendant Travis Alloway did at that time, and after arriving at the Medical unit, the defendant Travis Alloway left the plaintiff in the custody of the Medical unit, until somewhere around 11:40am, The plaintiff was placed into a holding unit, with no toiletries, or to drink water out of for Approxamitly an hour and fifteen min. before the defendant Travis Alloway returned.

5. ON Jan, 7 2007 at around 11:45am, the defendant Travis Alloway instructed the plaintiff to step into a side office in the medical unit, and was in the presents of Lt. England, then the defendant Travis Alloway then accused the plaintiff of having Gambling problems, and that if it was up to him, he would place the plaintiff back in the general population and what ever happend to the plaintiff he wouldnt care, and that maybe the plaintiff would even be Sexualy assaulted by other inmates then the defendant Travis Alloway asked Lt. England to escort the plaintiff to the I.C.S office where he could have the plaintiff's property inventoryed.

6. ON Jan 7 2007 at around 11:55am Lt England escorted the plaintiff to the I.C.S office, and Lt. England simply stated that he dident agree with what was going on, but he dident have any control over it.

7. ON Jan, 7 2007 at around 12:00pm the plaintiff's property was Inventoryed.

8. ON Jan 7 2007 at around 12:30pm defendant Jamie Thurman escorted the plaintiff through the Institution, not having it Locked down Therefore placing the plaintiff in reasonable harm, because all the defendant's where aware that threat's had been made on the plaintiff's Life.

9. ON Jan, 7 2007 at around 12:35pm the plaintiff was placed into investigative Segregation in A-dorm Segregation unit by defendant Jamie Thurman.

10. ON Jan, 8 2007 the plaintiff was moved to B-dorm Seg. unit and placed into a cell with another inmate, which put the plaintiff in futher risk of harm.

11. ON Jan, 11 2007 at 5:45pm the plaintiff was served a copy of the disiplinary that the defendant El. Pettway wrote for rule violation rule #62 Intentionally creating a Security, Safety or health hazard which was issued with no fact of evidence.

12. ON Jan 14 2007 the defendant Fredrick Freeman came to the plaintiff's cell in B-dorm Seg. and the plaintiff tried to explain the situation to him, the defendant Fredrick Freeman said that he dident care, and that he wouldn't help the plaintiff even though he could.

13. ON Jan, 16 2007 at 12:00pm the defendant Errol Boglin came to B-dorm Seg. unit and informed the plaintiff that he was holding the disciplinary hearing and that if the plaintiff would plead guilty he the defendant would give him less restriction time, but he the defendant was going to find the plaintiff guilty no matter what, defendant Errol Boglin made this statement infront of every inmate in the seg. unit. The plaintiff told the defendant Errol Boglin to do

what ever he had to do, the defendant found the plaintiff guilty.

14. ON Jan, 16 2007 the plaintiff sent the defendant Dewyane Estes a written complant on a inmate request form, and recived no response on the disciplnary hearing at all from defendant Dewyne Estes.

15. ON Jan, 17 2007 the defendant Dewyne Estes Approved the disciplinary for rule violation #6d and there was no evidence to prove the plaintiff guilty.

16. ON Jan, 18 2007 the plaintiff was Served the Approved copy of the diciplnary.

17. The plaintiff was held in Investigative Seg. from Jan, 7 2007 until Feb, 2 2007 only being Served an extention only one time in this period.

18. ON Feb, 2 2007 the plaintiff was told by the defendant Kerry Crum that he was being reclassed for negative behavior for refuseing population due to depts, the plaintiff tried to tell the defendant Kerry Crum, that was not the case but defendant Kerry Crum told the plaintiff that he dident want to hear it just sign the paper.

19. ON Feb, 2 2007 the plaintiff was placed in Administrative Seg. for negative behavior for refuseing population by the defendant Kerry Crum, which dident want to hear anything about the threats made on the plaintiffs Life.

20. ON March, 15 2007 the defendants Deborah Toney and Kerry Crum, come through the E-dorm Seg. Unit Conducting the Seg. board and the plaintiff asked both defendants about filling out a enemy List, which is a Standard operating

procedure, according to the A.D.O.C. 403, the plaintiff was told by both the defendant's, that "I" the plaintiff had no Enemy's for me the plaintiff to pay my drug dept's or remain in Lock-up until the end of my Sentance then defendant Debora Toney told defendant Kerry Crum, to come on let's go we dont have to listen to this from these "white boys".

11. As all the defendant's named in this Complaint, besides defendant Dewyne Estes are all black, and I the plaintiff am "white" I feel that this course of action was ~~was~~ racialy Motovated, and that I am a victom of racial discrimination, and I the plaintiff in this complaint, am not the only one, there are at least 10 other "white" inmates currently in Adm. Seg. on the Same or Simaliar Situations for being involved in situations with "black inmates" and only the "white" inmates are wrote up.

A.                    Relief Requested

1. Issue an injunction ordering defendants cheryl price, Dewyne Estes to release the plaintiff from Admistrative Seg. and have the plaintiff placed in a Safe general population, with restoration of all rights and privileges, and allow the plaintiff to fill out a Enemy List.

2. Order defendants cheryl price, Dewyne Estes to expunge the disciplinary conviction described in this complant from the plaintiff's Institutional record.

B.

1. Award compensatory damages in the following for humiliation, physical and emotional injuries sustained as a result of the plaintiff's being confined in Segregation.

2. Award Compensatory damages jointly and Severally against defendants for the punishment and emotional injury resulting from their denial of due process in connections with the plaintiffs disciplinary proceedings.

3. Award compensatory damages in the following, for the plaintiff being reclassed for the disciplinary.

4. Award compensatory damages jointly and Severally for the plaintiff being expunged from the Federally funded crime bill program, as a result the plaintiff has to start the program over.

C.

1. Award punitive damages in the following Amounts

1. $15,000 each against defendants cheryl price, Dewyne Estes

2. $10,000 each against defendants Deborah Toney, Fredrick Freeman, Kerry Crum

3. $8,000 each against defendants Travis Alloway, Errol Bogin

4. $7,000 each against defendants Eli Pettway, Jamie Thurman

D.

1. Issue an injuction ordering the whole Adminastrative department to follow the Alabama department of Corrections 403, Standard operating procedure in the future.

2. Issue an injuction ordering defendant's Cheryl price, Dewyne Estes to do a full scale investigation of the Bibb County prison staff, to ensure that these same insistaces don't happen to any other inmates no matter what their race.